UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

MAURA O'NEILL,

        Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                   23-CV-4679 (RPK) (RML)

        v.

NYU LANGONE HOSPITAL LONG
ISLAND, NEW YORK – PRESBYTERIAN
QUEENS, and LENOX HILL HOSPITAL,

        Defendants.

-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        After this Court dismissed plaintiff Maura O'Neill's first amended complaint alleging civil RICO and state-law tort claims against several hospitals and the City of New York, plaintiff filed a 182-page second amended complaint. The Court construed that filing as a motion for leave to file a second amended complaint and referred the motion to Magistrate Judge Levy, who recommended denying the motion. For the reasons explained below, Judge Levy's report and recommendation is adopted in full and plaintiff's motion to amend her complaint is denied. Plaintiff's motion for relief under Federal Rule of Civil Procedure 60(b) is also denied.

## BACKGROUND

        The following facts are taken from plaintiff's first amended complaint and are assumed true for the purposes of this order.

### I. Factual Background

        Plaintiff Maura O'Neill worked at Deutsche Bank Securities, Inc. from 2004 to 2007. First Am. Compl. ("FAC") ¶ 10 (Dkt. #13). During that time, she was allegedly sexually harassed by

1

her coworker Christopher Wilder. *Ibid.* Plaintiff claims that Wilder stalked her after she left Deutsche Bank and told a colleague that he intended to drug and rape her. *Id.* ¶¶ 12–13. On January 6, 2017, Wilder "or his agent" allegedly drugged plaintiff, broke into plaintiff's home, and raped her. *Id.* ¶ 16; *see also id.* ¶ 53. Plaintiff reported these sex crimes to the New York Police Department ("NYPD"), but she claims that the NYPD "destroyed evidence, including one of [plaintiff's] rape kits," "lied to [plaintiff] and claimed there was no evidence on her rape kits," and "withheld DNA and toxicology reports from [plaintiff]." *Id.* ¶ 25.

According to plaintiff, three hospitals—NYU Langone Hospitals ("NYU Langone"), New York–Presbyterian Queens ("NYPQ"), and Lenox Hill Hospital ("Lenox Hill") (collectively, "the hospital defendants")—also aided and abetted Wilder. *Id.* ¶¶ 40, 43, 47–48. Specifically, plaintiff alleges that the hospital defendants violated her rights by (among other things) failing to take "proper medical histories," *id.* ¶ 39; improperly using "laboratory and ancillary procedures," *ibid.*; making improper "diagnos[es] or differential diagnos[es]," *ibid.*; creating fraudulent medical records, *id.* ¶¶ 35–36, 66, 126; denying her access to health information, *id.* ¶¶ 200–03; and speaking "to Wilder's agents about [her] without first obtaining Plaintiff's consent," *id.* ¶ 222.

## II.   Procedural History

Plaintiff brought this action against the hospital defendants in June 2023, and in September 2023, she filed an amended complaint adding the City of New York as a defendant. *See generally* FAC. She asserted claims for fraud, *id.* ¶¶ 264–425; breach of fiduciary duty, *id.* ¶¶ 437–57; intentional infliction of emotional distress ("IIED"), *id.* ¶¶ 458–93, 525–70; violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), FAC ¶¶ 494–524; civil conspiracy, *id.* ¶¶ 571–79; and invasion of constitutional privacy rights, *id.* ¶¶ 580–616. The hospital defendants each moved to dismiss plaintiff's claims. *See generally* Mem. of L. in

Supp. of Mot. to Dismiss by NYU Langone (Dkt. #15-1); Mem. of L. in Supp. of Mot. to Dismiss by NYPQ (Dkt. #26-1); Mem. of L. in Supp. of Mot. to Dismiss by Lenox Hill (Dkt. #29-2).

This Court granted the hospital defendants' motions to dismiss in September 2024. *See* Sept. 17, 2024 Mem. and Order ("M&O") (Dkt. #59). As part of that order, the Court gave plaintiff the opportunity to "file a letter or motion seeking leave to file a second amended complaint" and instructed plaintiff that any such letter or motion must "explain why the second amended complaint cures the deficiencies identified in this order." *Id.* at 20.

Plaintiff did not file a letter or motion explaining why a second amended complaint would cure the defects in her first amended complaint, but she did file a 182-page "second amended complaint." *See* Second Am. Compl. ("SAC") (Dkt. #68). This Court construed that filing as a motion to file a proposed second amended complaint. *See* Oct. 28, 2024 Order. The motion alleges fraud, SAC ¶¶ 458–655, 667–722, 757–816, 893–921; fraudulent concealment, *id.* ¶¶ 656–66, 723–27, 746–56, 1027–97; IIED, *id.* ¶¶ 728–45, 922–56, 1005–26; defamation, *id.* ¶ 817–37, 1098–122; breach of fiduciary duty, *id.* ¶¶ 838–71; a violation of the Americans with Disabilities Act ("ADA"), *id.* ¶¶ 872–87; and a violation of the civil RICO statute, *id.* ¶¶ 957–1004. The hospital defendants oppose the motion on the ground that it fails to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); Ltr. in Opp. to Pl.'s Second Am. Compl. by Lenox Hill (Dkt. #78); NYU Langone Hospitals' Mem. of L. in Opp. to Pl.'s Second Am. Compl. (Dkt. #79); New York–Presbyterian Queens Mem. of L. in Opp. to Pl.'s Second Am. Compl. (Dkt. #81-4). I referred the motion to Magistrate Judge Levy for a report and recommendation ("R. & R"). *See* Dec. 6, 2024 Order.

On June 9, 2025, Judge Levy issued an R. & R. recommending that the Court deny plaintiff's motion to amend the complaint. *See* R. & R. (Dkt. #103). First, Judge Levy found that

3

plaintiff failed to state a claim for civil RICO because she did not allege "facts sufficient to plead that defendants participated in the operation or management of any enterprise." *Id.* at 5 (citation and quotation marks omitted). Second, Judge Levy found that plaintiff did not state a claim under the ADA because she "fail[ed] to allege that she was discriminated against because she was a member of a protected class." *Id.* at 5. Third, Judge Levy noted that "a district court may decline to exercise supplemental jurisdiction over state law claims when it 'has dismissed all claims over which it has original jurisdiction,'" *id.* at 6 (quoting 28 U.S.C. § 1367(c)(3)), and that this rule "alone would be a sufficient ground to deny leave to amend with regard to plaintiff's claims for common law fraud/fraudulent concealment, IIED, defamation, and breach of fiduciary duty," *ibid.* Finally, Judge Levy found that even if these state-law claims were considered, "the proposed Second Amended Complaint also fails to state a cause of action as to [them]." *Ibid.*; *see id.* at 6–10. Plaintiff filed objections to the R. & R. *See* Obj. to R. & R. 6–26 (Dkt. #112).

Separately, plaintiff also filed a 64-page motion under Rule 60 of the Federal Rules of Civil Procedure seeking relief from this Court's order dismissing her first amended complaint. *See generally* Pl.'s Mem. of L. in Supp. of Rule 60 Motion (Dkt. #66).

## DISCUSSION

Plaintiff's objections are overruled, and the R. & R. is adopted in full. Plaintiff's motion for relief under Rule 60(b) is denied.

### I. Motion to File a Second Amended Complaint

The Court adopts in full Judge Levy's recommendation that plaintiff be denied leave to file her second amended complaint.

#### A. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party timely

4

objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine *de novo*" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of an R. & R. that are uncontested, or to which no proper objection has been made, may be reviewed for "clear error," *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted), which will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed," *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

When a party proceeds *pro se*, her pleadings must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and citations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### B. Federal-Law Claims

Plaintiff's objections to Judge Levy's conclusions regarding her civil RICO and ADA claims are overruled.

#### 1. Civil RICO

Plaintiff first objects that the R. & R.'s conclusion that she failed to state a claim under the RICO statute was "based on the secret findings of fact and conclusions of law and lies told by [the hospital defendants] and the [Wilder] team on an *ex-parte* basis." Obj. to R. & R. 25 (quotation marks omitted). She criticizes the R. & R.'s findings as "untethered to reality" because the hospital defendants' records "are clearly heaps of garbage." *Ibid.* Plaintiff's objections do not challenge any specific aspect of the R. & R.'s analysis. Indeed, plaintiff makes no effort to explain which parts of the R. & R. are incorrect. Instead, plaintiff points this Court to some of her prior filings.

5

*See ibid.* But these filings predate the R. & R. by over six months—so they cannot possibly state a valid objection to it. Plaintiff also points to her affidavit filed a few weeks after the R. & R, but this affidavit does not identify any deficiency in the civil-RICO portion of Judge Levy's R. & R. Plaintiff's objections are therefore overruled.

### 2. ADA

Plaintiff next objects that the hospital defendants violated the ADA because they "failed to comply with even the most basic federal standards, designed to provide a floor to patient safety and quality." *Id.* at 17. But this objection says nothing about the R. & R.'s conclusion that plaintiff failed to allege that she was discriminated against "because of" her disability—a necessary ingredient for her claim. *See Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001); R. & R. 5. Nor does it move the needle when it comes to plaintiff's request for a permanent injunction, as she has made no attempt to satisfy any of the requirements for such equitable relief. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Accordingly, plaintiff's objection to the ADA portion of the R. & R. is overruled.

### B. State-Law Claims

Plaintiff has not set forth any persuasive reason to set aside Judge Levy's conclusion that the five-state law claims she seeks to raise in the proposed second amended complaint were improperly pleaded.

### 1. Fraud

Plaintiff first objects that it was a "lie" when the R. & R. concluded that she could have pleaded additional facts to support her fraud claims. Obj. to R. & R. 22. "Clearly," plaintiff continues, "the Report relied on *ex-parte* information and false claims." *Ibid.* This objection is meritless.

6

A complaint alleging fraud under Federal Rule of Civil Procedure 9(b) must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *U.S ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017) (citation and quotation marks omitted). Plaintiff's amended pleadings do not meet these requirements. The lion's share of the material in the proposed second amended complaint "is wholly irrelevant to this action or largely duplicative of the fraud claims this court already found insufficient." R. & R. 7 (citation omitted). And as with plaintiff's first amended complaint, "no specifics are provided as to the statements that were allegedly fraudulent, who made them, or what made the statements fraudulent." *Ibid.*

True, the "generally rigid" requirements of Rule 9(b) "may be based on information and belief when facts are peculiarly within the opposing party's knowledge." *Chorches for Bankr. Est. of Fabula*, 865 F.3d at 81–82 (citation omitted). But even if this relaxation of Rule 9(b) applied here—which is far from clear—it is not a blank check: the complaint must still "adduce specific facts supporting a strong inference of fraud." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990). And plaintiff's proposed second amended complaint does no such thing. Instead, it regurgitates the same general accusations that this Court has already rejected—allegations that the hospital defendants "willfully deceived" plaintiff "in order to aid and abet Wilder," SAC ¶ 459; that they "sought to take advantage of and deceive" plaintiff by "concealing information, and purposefully and willfully misleading" her, *id.* ¶ 466; and that they "falsely reported" to plaintiff that they did not release her medical records without authorization, *id.* ¶ 468. These conclusory and vague allegations do not satisfy even the more lenient version of Rule 9(b). Nor did the R. &

7

R. rely on any *ex parte* information. So plaintiff's objection to the fraud portion of the R. & R. is overruled.

### 2. Fraudulent Concealment

Plaintiff next objects that the R. & R. erred in finding that her fraudulent-concealment claims were inadequately pleaded. Obj. to R. & R. 21. To plaintiff, the R. & R.'s conclusion did not "make sense given courts have ruled deficiencies in pleading were not fatal in cases involving fraudulent concealment." *Ibid.* The Second Circuit has been clear, though, that Federal Rule of Civil Procedure 9 applies to fraudulent concealment claims, and that "generalized and conclusory allegations of fraudulent concealment do not satisfy the requirements of Fed. R. Civ. P. 9(b)." *Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983). And this Court agrees with the R. & R. that "generalized and conclusory allegations" are all that plaintiff has presented. *See ibid.*

To be sure, plaintiff is right that "the stringent requirements of Rule 9(b) may be relaxed in cases involving complex fraudulent schemes or those occurring over a lengthy period of time and involving thousands of billing documents." *Gov't Emps. Ins. v. Landow*, No. 21-CV-1440 (NGG) (RER), 2022 WL 939717, at *7 (E.D.N.Y. Mar. 29, 2022) (ellipses omitted). But to start, plaintiff has not pleaded facts to suggest that she was the victim of a "complex fraudulent scheme." *See ibid.* And in any event, even when the standards of Rule 9(b) are loosened, "a claim cannot be based on mere speculation or conclusory allegations, but must present facts that support 'a strong inference of fraud.'" *Ibid.* (quoting *Wexner*, 902 F.2d at 172). Plaintiff's pleadings do not give rise to such an inference because they are supported by only generalized statements. *See Wexner*, 902 F.2d at 172 (noting that the exception to the strictures of Rule 9(b) "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations"). Plaintiff's objection to the fraudulent-concealment portion of the R. & R. is thus overruled.

### 3. IIED

Plaintiff also objects that the R. & R.'s conclusion that she failed to state a claim for IIED "is based on secret findings of fact." Obj. to R. & R. 23. In plaintiff's view, the R. & R. "should have viewed the allegations in the SAC as a series of acts that, taken together, constitute extreme and outrageous conduct." *Ibid.* But the R. & R. *did* view the allegations in the SAC as a series of acts—it just found that those acts, even when taken together, do not give rise to an IIED claim. That finding was correct.

Under New York law, "a claim for IIED requires a showing of: '(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.'" *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122 (2d Cir. 2019) (quoting *Howell v. N.Y. Post Co., Inc.*, 612 N.E.2d 699, 702 (N.Y. 1993)). Meeting these five elements is an uphill battle: the tort "may be invoked only as a last resort, to provide relief in those circumstances where traditional theories of recovery do not." *Ibid.* (citation omitted). And plaintiff cannot avail herself of that "last resort" here because (as with her first amended complaint) her allegations do not show "extreme and outrageous conduct"—conduct that "so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." *See ibid.*; *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 157 (2d Cir. 2014); M&O 13. It is a high bar, and it is one that courts have found unmet both in circumstances like the ones pleaded here and in circumstances more egregious than the ones pleaded here. *Cf., e.g.*, *Doe v. Cmty. Health Plan-Kaiser Corp.*, 709 N.Y.S.2d 215, 218 (App. Div. 2000) (disclosure of patient's medical records was not sufficiently extreme and outrageous); *Chanko v. Am. Broad. Cos.*, 49 N.E.3d 1171, 1178–79 (N.Y. 2016) (broadcasting footage of a patient's medical treatment and death in a hospital emergency room without the patient's consent was "offensive" but "not so atrocious and utterly intolerable as to support a cause

9

of action" for IIED). Plaintiff's allegations involve the hospital defendants' alleged failure to take "proper medical histories," SAC ¶ 39, improper "diagnos[es]," *ibid.*, fraudulent creation of medical records, *id.* ¶¶ 35–36, and denial of access of health information, *id.* ¶¶ 200–03. Such conduct is not "atrocious and intolerable in a civilized society." *See Turley*, 774 F.3d at 157.

As a result, plaintiff's objection to the IIED portion of the R. & R. is overruled.

### 4. Defamation

Plaintiff further objects that the R. & R. held her defamation claim "to an inappropriate standard." Obj. to R. & R. 17–18. Not so. The problem with plaintiff's defamation allegations is that she failed to specify (1) the relevant speakers, (2) those speakers' supposedly defamatory statements, and (3) when the purported defamation occurred. *See* R. & R. 9. Because plaintiff failed to allege any specific defamatory words, she cannot state a claim for defamation. *See Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (requiring "a written defamatory statement of and concerning the plaintiff"). Plaintiff's objection to the defamation portion of the R. & R. is therefore overruled.

### 5. Breach of Fiduciary Duty

Finally, plaintiff objects that the R. & R. "recommended the dismissal of the breach of fiduciary duty cause of action under faulty premises because the case the Report relied upon deals with Ciox," Obj. to R. & R. 18, a third-party entity that "contracts with numerous healthcare providers nationwide . . . to service requests from patients for copies of their medical records," *Shelton v. CIOX Health, LLC*, No. 1:17-CV-808 (ENV) (LB), 2018 WL 4211447, at *1 (E.D.N.Y. July 20, 2018). But as previously explained, plaintiff has provided no support for her claim that the hospital defendants had a fiduciary duty to provide her with medical records. M&O 11. Because plaintiff has failed to plausibly allege the existence of a fiduciary duty, plaintiff cannot state a claim for breach of fiduciary duty. *See Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1115 (2d

10

Cir. 1986). So plaintiff's objection to the breach-of-fiduciary-duty portion of the R. & R. is overruled.

## II. Rule 60 Motion

Plaintiff also moved under Federal Rule of Civil Procedure 60 for relief from this Court's September 17, 2024, order dismissing her FAC. *See generally* Pl.'s Mem. of L. in Supp. of Rule 60 Mot. Rule 60(b) provides that a court may relieve a party from a "final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Because the Rule "allows extraordinary judicial relief," it can be "invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.'" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Relief under Rule 60(b)(6)'s catchall provision "is available only in narrow circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). Plaintiff's motion is denied because plaintiff has not met any of the enumerated grounds for relief in Rule 60, and she has not put forward "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1)–(6).

11

Plaintiff raises ten arguments as to why she is entitled to relief under Rule 60. Most of them are simply arguments that this Court's judgment dismissing her complaint was incorrect. *See* Mem. of L. in Supp. of Rule 60 Mot. 4–5 (incorrect standard of review), 14–17 (incorrect disposition of fiduciary duty claims), 17–19 (incorrect application of pleading requirements), 19–24 (incorrect disposition of fraud claims), 24–25 (incorrect disposition of IIED claims), 26–29 (incorrect disposition of civil RICO claims). But these objections do not fall under Rule 60(b)'s umbrella: the Rule "was not intended as a substitute for a direct appeal from an erroneous judgment." *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) (Friendly, J.) (citation omitted). And plaintiff makes no attempt to tether her disapproval to any of the enumerated grounds in Rule 60(b). Nor does she point to any "extraordinary circumstances" justifying relief under the catchall provision in Rule 60(b)(6). *See BLOM Bank*, 605 U.S. at 210–13 (emphasizing the "very strict interpretation" given to Rule 60(b) (citation omitted)).

Plaintiff's other arguments also fall outside Rule 60's domain. Plaintiff maintains that defendants "violated the standard of care," which appears to be an argument that they committed medical malpractice—but plaintiff never raised a medical-malpractice claim in her pleadings, and parties cannot raise new claims in Rule 60 motions. *See Philips Lighting Co. v. Schneider*, No. 05–CV–4820, 2014 WL 4274182, at *5 (E.D.N.Y. Aug. 28, 2014) (collecting cases); Mem. of L. in Supp. of Rule 60 Mot. 5–10. Plaintiff also asserts that she "is not a safety risk" and that this Court's orders were "based on lies." Mem. of L. in Supp. of Rule 60 Mot. 10–14, 29. Neither of these assertions is cognizable under Rule 60(b), however, because they do not suggest that any specific portion of this Court's order was "based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment." *BLOM*

12

*Bank*, 605 U.S. at 210.  Nor does plaintiff cite any "extraordinary circumstances" that justify relief under Rule 60(b)(6).  *Id.* at 212 (citation omitted).

Finally, plaintiff contends that "the Order shows [the] Court engaged in *ex parte* communication."  Mem. of L. in Supp. of Rule 60 Mot. 29–30.  This accusation is baseless and, at any rate, is not tied to any ground for relief under Rule 60(b).  *See BLOM Bank*, 605 U.S. at 210–11.

## CONCLUSION

For the foregoing reasons, plaintiff's objections to Magistrate Judge Levy's R. & R. are overruled, and this Court adopts the R. & R. in full.  Accordingly, plaintiff's motion to amend her complaint is denied.  Plaintiff's Rule 60 motion is also denied for the reasons set forth above.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

                                                                             /s/ Rachel Kovner
                                                                             RACHEL P. KOVNER
                                                                             United States District Judge

Dated: October 27, 2025
       Brooklyn, New York